# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NICOLE BROOKS,

        Plaintiff,

vs.                                    Case No. 6:13-cv-667-Orl-37DAB

EQUABLE ASCENT FINANCIAL,

        Defendant.

## ORDER

This cause is before the Court on Plaintiff's Motion for Remand (Doc. 5), filed April 25, 2013.

Plaintiff commenced this action in state court, asserting a Florida Consumer Collection Protection Act claim and a federal Fair Debt Collection Practices Act claim. (Doc. 2.) Defendant removed to federal court because the FDCPA claim could have been brought originally in this Court. (Doc. 1.) Plaintiff subsequently filed a "Notice of Voluntary Dismissal" of her FDCPA claim (Doc. 4) and has separately moved to remand to state court based on the dismissal of FDCPA claim (Doc. 5, ¶ 5).

It is black letter law that the critical time for determining subject matter jurisdiction is the date of removal. *Leonard v. Enter. Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Subsequent events, such as the dismissal of claims, do not operate to divest this court of jurisdiction. *Id.* Thus, there is no merit to Plaintiff's argument that this case must be remanded to state court because she voluntarily chose to dismiss her FDCPA claim after Defendant removed this case to federal court.[1]

---

[1] Counsel are reminded that, by presenting a motion to a federal court, they are

That being said, it is clear that Plaintiff would prefer to pursue her claims in state court. To do that, she could have voluntarily dismissed this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) as Defendant has neither answered the complaint nor filed a motion for summary judgment. Plaintiff, however, choose to voluntarily dismiss her federal claim pursuant to that rule in an attempt to avoid proceeding in federal court. Rule 41(a), however, cannot be used to dismiss less than all claims brought against a defendant.[2]

Nevertheless, the Court construes Plaintiff's Notice as a motion to amend her complaint under Federal Rule of Civil Procedure 15(a)(2). Given that Defendant has not answered the complaint and dismissal of Plaintiff's federal claim would simplify this action, the Court finds that Plaintiff's request is well-taken and therefore her FDCPA claim is dismissed.

While the Court is not required to remand this case, it may nevertheless decline to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claim. *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357

---

warranting that the legal statements made in the motion have a basis under existing law or present a non-frivolous argument for the extension or modification of existing law. *See* Federal Rule of Civil Procedure 11; *see also* 28 U.S.C. § 1927.

Counsel are reminded further that, as members of the bar of this Court, they must comply with the Local Rules. The motion filed by Plaintiff's counsel does not comply with Local Rule 1.05 (requiring, among other things, that all filings be double-spaced and all signature blocks contain the e-mail address of counsel), Local Rule 3.01(a) (requiring, among other things, that each motion contain a memorandum of legal authority), or Local Rule 3.01(g) (requiring that every motion in a civil case, except certain enumerated motions, contain a certification that counsel has conferred with the opposing party in a good faith effort to resolve the issues raised by the motion). Future filings that fail to comply with these rules may be stricken by the Court without notice.

[2] *See, e.g.*, *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) (holding that a plaintiff may dismiss all of its claims against one defendant under Rule 41(a)(1) even though its claims against another defendant would remain pending).

(1988) (noting that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). When deciding whether to exercise supplemental jurisdiction over a particular case, this Court must consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," as well as "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). Supplemental jurisdiction "'thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.'" *Lieu v. Sandy Sansing Cars, Inc.*, No. 3:07-cv-345, 2007 WL 4287642, *1 (N.D. Fla. Dec. 5, 2007). District courts "enjoy wide latitude" in determining whether to retain jurisdiction over state claims when all federal claims have been dropped but nevertheless are "encouraged to remand remaining state claims when all of the federal claims in a case have been eliminated prior to trial." *Id.* at 2. Given the early stage of this proceeding and Plaintiff's decision to amend her complaint to drop her only federal claim, the Court is not inclined to exercise its discretion to retain jurisdiction over Plaintiff's remaining state law claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Notice of Voluntary Dismissal (Doc. 4) is construed as a motion to amend the complaint and is **GRANTED**. Plaintiff's FDCPA claim is dismissed without prejudice.

2. Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**. The Clerk is directed to: (a) send a certified copy of this Order to the Clerk of the County Court

of the Ninth Judicial Circuit in and for Orange County, Florida; and (b) close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 30, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record